IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR JAMES GRIFFIN JR., | ) | 8:09CV400 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEWTON, Director, and PETER'S, | ) | |
| Officer, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 3, 2009. (Filing No. 1.) Thereafter, the court granted Plaintiff leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915A.

### I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against two Defendants, who appear to be employees at the Douglas County Correctional Center where Plaintiff is currently incarcerated. (Filing No. 1 at CM/ECF p. 2.) The allegations of Plaintiff's Complaint consist of the following single statement: "Claim of Sexual-Assault." (*Id.* at CM/ECF p. 5.)

### II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which

relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**III.  DISCUSSION OF CLAIMS**

As stated above, Plaintiff has alleged only the following: "Claim of Sexual-Assault." Plaintiff has set forth no factual allegations, let alone enough factual allegations to "nudge [his] claims across the line from conceivable to plausible." *See Bell Atlantic Corp.*, 550 U.S. at 569-70. However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to clearly state a claim upon

which relief can be granted against Defendants. In the amended complaint, Plaintiff must state the facts of the case. He must state exactly what each defendant did, or failed to do, that resulted in harm to him and describe the harm. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **March 1, 2010**, in which to file an amended complaint, as set forth in this Memorandum and Order. In the event that Plaintiff fails to file a sufficient amended complaint by that date, this matter may be dismissed without further notice to Plaintiff.

2. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: March 1, 2010: Deadline for Plaintiff to file amended complaint consolidating his claims and naming the proper Defendants.

January 29, 2010.                BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.